IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAIME RIOS

    Plaintiff

        v.

LOURDES SANCHEZ-LIZARDI, et al

    Defendants

**Civil No.** 09-1788

## OPINION & ORDER

Pending before the Court is a Motion to Dismiss (Docket # 18), filed by Co-defendants, Sgt. Lourdes Sanchez-Lizardi ("Sanchez-Lizardi") and Sgt. Jose D. Gonzalez-Montanez ("Gonzalez-Montanez") (collectively, "Defendants"). Plaintiff has not filed a reply, or any other form of opposition. After reviewing the filings, and the applicable law, Defendants' motion to dismiss will be **GRANTED** for the reasons set forth below.

**Factual Background**

As this case is at the motion to dismiss stage, the facts will be reviewed as presented in the Complaint. Docket # 1.

At the time of the events, Plaintiff worked as a recruiter for the Association of Organized Police (in Spanish, "Asociacion de Policias Organizados")("APO"). Docket # 1 at 1. Plaintiff alleges that on August 5th, 2009, after returning from lunch to his office at APO he overheard a loud discussion between a man and a woman. He entered to find Gonzalez-Montanez ejecting Felix Plaud ("Plaud") from the premises. Id. at 2. At the same time, Sanchez-Lizardi joined the fray and began to shout at Plaintiff telling him that he could not be in the office, and allegedly pushed him several times, causing him to fall and sustain injuries.[1] Id. at 3. Gonzalez-Montanez,

---

[1] The type and extent of the injuries has not be described in the Complaint, which does not clearly specify if said injuries are physical or psychological.

**CIVIL NO. 09-1788 (SEC)**                                                                                          **Page 2**

allegedly, then " . . . grabbed Plaintiff [by] the shoulder and drew his service weapon brandishing the weapon in a manner to suggest that if Plaintiff did not leave his place of employment he would be shot . . ." Id. Immediately thereafter, Plaintiff alleges that several plainclothes Puerto Rico Police Department ("PPPD") officers, acting under the direct orders of Sanchez-Lizardi, were ordered to arrest him.[2] Notwithstanding, the Complaint does not describe if Plaintiff was in fact arrested, detained, or otherwise accosted by the plainclothes officers.

As a result of this incident, Plaintiff claims to have suffered permanent injury and to have suffered significant emotional distress. Id. at 4. Nevertheless, he does not allege the class or type of injury that allegedly resulted from the abovementioned situation. The Complaint's final factual contention is that:

> Defendants are both members of the "APO" and act as officers of the Association of Organized Police, they are/were involve[d] in a disputed fight over the control of the association for personal gain, they also personal receive income, benefits from the association and placed their financial interest over the act of serving, and protecting plaintiff under the laws of the United States and Puerto Rico.

Id. at 4.[3]

As a result of this incident, Plaintiff brought the present suit under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth, Fifth, Sixth, Seventh, and Eighth Amendments to the Constitution of the United States of America ("the Constitution"). He also brings a cause of action under 42 U.S.C. § 1981, and supplemental causes of action under the Constitution of the Commonwealth of Puerto Rico Art. II, §§ 1 & 7 . Defendants subsequently filed a motion to dismiss alleging that claims against them in their official capacities are barred by the Eleventh

---

[2] The Complaint also avers that said officers were on duty at the time of the incident.

[3] Several allegations as to the service history of Gonzalez-Montanez and Sanchez-Lizardi also pepper the Complaint, but given their irrelevance to the present motion this Court will refrain from reciting them, given their potential to unjustly harm the reputations of the abovementioned PRPD officers.

Amendment to the Constitution, the Fifth Amendment does not apply to the case at hand, and the Complaint fails to allege cognizable claims under the Sixth and Eight Amendments and 42 U.S.C. §, Docket # 18 at 2. More importantly, Defendants allege that Plaintiff failed to plead facts averring that Defendants were acting under color of state law, as required by 42 U.S.C. § 1983. Id.

Said motion to dismiss was filed on November 23, 2010, but as of this date Plaintiff has not filed an opposition, or requested an extension of time to do so. Accordingly, on December, 16, 2009, Defendants filed a motion to adjudicate the motion to dismiss as unopposed. Docket # 19. The Federal Rules of Civil Procedure allow for the allegations included in a motion to be deemed as unopposed if the non-moving party fails to file a proper reply. To wit, Local Rule 7(b) states: "Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." In light of the clarity of the rule's applicability to the present facts, this Court will evaluate Defendants' motion as unopposed since Plaintiffs failed to reply to said motion within the time allotted by Local Rule 7(b).

**Standard of Review**

It is well known that, "the general rules of pleading require 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Gargano v. Liberty Int'l Underwriters, 572 F.3d 45, 49 (1st Cir. 2009) (Fed. R. Civ. P. 8(a)(2)). The purpose of this is to give a defendant fair notice of the claims against him and their grounds. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Therefore, "even under the liberal pleading standards of FED. R. CIV. P. 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly,

127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). Of course, this Court need not give credence to ". . .conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (citing Ashcroft v. Igbal, 129 S. Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009)); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at1949.

**Applicable Law & Analysis**

*Eleventh Amendment Immunity*

Defendants argue that Plaintiff has failed to state a valid claim against them in their official capacities because the PPPD, as a Commonwealth of Puerto Rico ("Commonwealth") agency, is entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution states:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

**CIVIL NO. 09-1788 (SEC)**                                                                 **Page 5**

U.S. Const. Am. XI. While the text describes states, the Commonwealth is considered a state for the purposes of the Amendment. <u>Negron Gaztambide v. Hernandez Torres</u>, 145 F.3d 410 (1st Cir. 1998).

Precedent clearly establishes that the PPPD is an arm or *alter ego* of the Commonwealth, and thus covered by Eleventh Amendment immunity. <u>Id.</u> Furthermore, the protection extends to state officials in their official capacity because, ". . .a claim against a state official in [his or her] official capacity for monetary relief is, in essence, a claim against the State." <u>McLeod-Lopez v. Algarin</u>, 603 F. Supp. 2d 330, 343 (D.P.R. 2009). This immunity can be waived, but Plaintiff does not allege, nor does case law suggest, that any waiver applies to the present facts. Therefore, all claims against Defendants in their official capacities are hereby **DISMISSED**.

*Miscellaneous Claims*

Plaintiff has essentially alleged that law enforcement officers used excessive force against him as the consequence of internal conflicts regarding APO's leadership. Such claims should be analyzed under the Fourth Amendment and its "reasonableness" standard. <u>Id.</u>; <u>see also</u> <u>Graham v. Connor</u>, 490 U.S. 386, 395; <u>Tavarez-Guerrero v. Toledo-Davila</u>, 573 F. Supp. 2d 507, 512 (D.P.R. 2008). Except for the claim of excessive force in violation of the Fourth Amendment, Plaintiff's allegations under the Fifth, Sixth, Seventh, and Eighth Amendments cannot prosper.

Given they are facially invalid, these claims will be discussed only very cursorily as to not waste judicial resources analyzing frivolous pleadings. To wit, the Seventh Amendment provides for the right to a jury in civil cases. Plaintiff undoubtedly has the right to request a jury trial in the present action, but his claim certainly does not arise as a result of the violation of said right. Furthermore, the Fifth Amendment only applies to federal actors, not employees of the

**CIVIL NO. 09-1788 (SEC)**                                                                                                           **Page 6**

Commonwealth. McLeod-Lopez, 603. F.Supp. at 338. The Sixth Amendment provides the right to a speedy trial and to confront witnesses in criminal proceedings. None of the facts involved allude to any criminal proceedings, or charges brought against plaintiff, thus, it is impossible to understand how Plaintiff's claims could arise under the Sixth Amendment. Finally, the Eighth Amendment's proscription of cruel and unusual punishment, clearly does not apply to the case at bar, because Plaintiff has not alleged that alleged that ". . . he was convicted and imprisoned, after a formal process of adjudication, and subjected to unnecessary and wanton infliction of pain as punishment." Id.

Plaintiff's invocation of 42 U.S.C. § 1981 is also unrelated to the alleged facts, as this case does not involve the right to make contracts, equal access to judicial process, full benefits under the law, or racial discrimination. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-475 (2006)(holding "Among the many statutes that combat racial discrimination, § 1981, originally § 1 of the Civil Rights Act of 1866, 14 Stat. 27, has a specific function: It protects the equal right of 'all persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."). As the Complaint makes no mention of racial motives, contracts, or judicial process, it is thus, nearly impossible to imagine any relationship between the aforementioned statute and the present controversy.

This Court has been brief in dismissing the above claims, because it is baffled why Plaintiff's counsel included these clearly frivolous causes of action. Any further discussion of the same would constitute an inefficient use of judicial resources. Not all claims can be expected to prosper, or even have a probability of success, but at minimum a pleading's alleged facts should reflect the laws under which it prays for relief. In the future, Plaintiff's counsel should take more care in preparing accurate pleadings, and is as such **ADMONISHED**. See FED. R. CIV. P. 11(b)(2).

*State Action*

Defendants allege that this claim must be dismissed because the Complaint does not plead facts showing that Defendants were acting under the color of state law. Establishing a recoverable § 1983 claim requires the satisfaction of two basic elements: (1) that a government official, acting under the color of state law, (2) has caused the depravation of a federal right. Burke v. Town of Walpole, 405 F.3d 66, 76 (1st Cir. 2005) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Furthermore, there is no *respondeat superior* liability under § 1983 ; each defendant must be directly liable on the basis of his or her own acts or omissions. Ayala-Rodriguez v. Rullan, 511 F.3d 232, 236 (1st Cir. 2007). Additionally, "the conduct alleged to have caused the violation must also be intentional or recklessly indifferent to the plaintiff's federal statutory or constitutional right." Gonzalez v. Toledo, Civ. No. 08-1869, 2009 U.S. Dist. LEXIS 57489 (D.P.R. June 16, 2009).

The First Circuit has affirmed that, private violence between government employees generally does not constitute state action. Parrilla-Burgos v. Hernandez-Rivera, 108 F.3d 445, 449 (1st Cir.1997)(citing Martinez v. Colon, 54 F.3d 980, 985 (1st Cir. 1995) (finding "Private violence -- even private violence engaged in by one who happens to work for the state -- has different legal ramifications than violence attributable to state action.")). This is because state action requires an act, "under pretense of law when an individual imbued with official authority purports to exercise that authority when actually acting wholly outside of it." Id. Thus, there is the question of, whether the actor could have performed in the manner under question without the authority of his or her office. Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999)(citing Martinez, 54 F.3d at 986).

Answering this question requires assessing the totality of the circumstances, both as to the particular facts of the conduct in question and the relationship of said conduct to the duties

of a specific government employee. Id. at 125-126. In the case of a police officer, the courts must go beyond merely asking, "whether an officer stays strictly within the line of duty, or oversteps it." Id. (citing Martinez, 54 F.3d at 986)(internal citations omitted). However, purely private brawls, even those involving officers of the law, do not constitute state action. Zambrana-Marrero, 172 F.3d at 126. Even in personal feuds the courts have asked whether, "the officer was on duty, in uniform, patrolling in his cruiser, and he relied on his authority as a police officer to stop the decedent and demand his license and registration." Id. (alluding to Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (lst Cir. 1999)).  Nevertheless,

> . . . when the victim is himself a fellow officer and the particular interaction between the two officers is of a distinctively personal nature, it can generally be assumed that the aggressor's official trappings, without more, will not lead the victim to believe that the aggressor is acting with the imprimatur of the state and, in turn, to forgo exercising his legal rights.

Martinez, 54 F.3d at 988.

Therefore, asking if the officer entered into the dispute, or was an original participant is another important point to analyze in understanding the totality of the circumstances. Id. at. 127. This helps understand if an officer, ". . . exercise[d], or purport[ed] to exercise, any power (real or pretended) possessed by virtue of state law. . . [,] related either to his official status or to the performance of his police duties. " Id. at 987.

The present case appears to have originated with a dispute between different factions within APO. The animosity between members and employees of APO was personal in nature, and their actions to intimidate Plaintiff and throw him out of the office reflect personal motives in their private roles as members of APO. Plaintiff clearly alleges that the officer's personal interest in APO, not their role as police officers, led them to be aggressive with him. Docket # 1 at 4. While not a police officer, Plaintiff had a private professional relationship with Gonzalez-Montanez and Sanchez-Lizardi, suggesting that the alleged aggression, if it in fact

occurred, was of a personal nature. Plaintiff has not opposed this assertion, nor was Gonzalez-Montanez pushing Plaintiff or threatening him commiserate with the exercise of official authority, where the context and motivation for the threats were, apparently, purely private.

APO is not a state agency, and Gonzalez-Montanez and Sanchez-Lizardi were certainly original participants, not intervening officers. As to the orders allegedly given to arrest Plaintiff, there is no indication that he was actually arrested, or otherwise detained, and therefore cannot have suffered injury via malicious prosecution. Furthermore, no cause of action has been pled under the Fourteenth Amendment, which would be the proper remedy for such a claim. If true, the facts included in the Complaint suggest a private conflict, not under the color of state law. Any constitutional violations, as alleged, have not ". . .raise[d] a right to relief above the speculative level . . ." Iqbal, 129 S. Ct. at1949 . Therefore, Plaintiff's 42 U.S.C. § 1983 claims will hereby be **DISMISSED WITHOUT PREJUDICE** for want of action under the color of state law.

*Supplemental Claims*

Finally, this Court will dismiss the Commonwealth law causes of action brought pursuant to supplemental jurisdiction. Dismissal of said claims is proper once all federal claims have been disposed of in non-diversity cases such as the present. Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) ("[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit."); see also Rivera v. Murphy, 979 F.2d 259, 265 (1st Cir. 1992); Lares Group, II v. Tobin, 221 F.3d 41, 45 (1st Cir. 2000). Accordingly, Plaintiffs' supplemental law claims will be **DISMISSED WITHOUT PREJUDICE**.

**Conclusion**

For the reasons explained above, Defendants' Motion to Dismiss is hereby **GRANTED**. Plaintiffs' claims under the Fourth, Fifth, Sixth, Seventh, and Eighth Amendments to the Constitution, and under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, are hereby **DISMISSED WITHOUT PREJUDICE**. Judgement shall be entered to this effect.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of February, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge